

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 2:04 pm, Dec 16, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| RANDY LEON YOUNG, JR., <br><br> Plaintiff, <br><br> v. <br><br> ASST. WARDEN STONE; CARRIE GRADY; REC. SUPERVISOR COURSON; and REC. OFFICER TOMBS, in their individual and official capacities <br><br> Defendants. | CIVIL ACTION NO.: 5:20-cv-23 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia. Doc. 1 at 2.  Previously, Plaintiff had been assigned work detail as an aide in "Recreation."  Id. at 4–5.  Plaintiff contends Defendants Courson and Tombs fired him from his position as a

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Recreation Aide because he was convicted of a sex crime and women also worked in Recreation. Id.  When Plaintiff tried to secure work in the laundry room, Defendant Grady informed him that due to his offense, he could not be assigned any work detail.  Id. at 5.  Plaintiff claims, however, another inmate who is also a sex offender is permitted to work as an aide elsewhere in the prison with Mrs. Grady (a woman).  Id. at 4–5.  According to Plaintiff, the prison's standard operating procedures contain no prohibition on work detail based on an inmate's specific offense, and instead, Defendant Stone implemented this discriminatory policy.  Id. at 4, 5.  Plaintiff is suing all Defendants in their individual and official capacities.  Id. at 2–3.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

2

is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.      Official Capacity Claims**

Plaintiff is suing all Defendants in both their individual and official capacities.  Doc. 1 at 2–3.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections.  The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

**II.     Equal Protection Claim**

Plaintiff brings an equal protection claim against Defendants, alleging Defendants discriminated against him because a similarly situated inmate (i.e., one convicted of a sex crime) was permitted work detail while he was not.  Doc. 1 at 4–5.  The Equal Protection Clause requires the Government to treat similarly situated people alike.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985), *superseded by statute on other grounds*.  To establish such a claim, a prisoner must show: "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race."  Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001).  That is, to succeed on an Equal Protection Clause claim, Plaintiff must allege the reason for the differential treatment was based on a constitutionally protected interest.  Milner v. Tallapoosa Cnty. Jail, Civil Action No. 3:07cv165, 2007 WL 1063328, *2 (M.D. Ala. Apr. 5, 2007).  "Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection."  Id. (citing Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265–66 (1977); Jones v. White, 992 F.2d 1548, 1573 (11th Cir.1993); E & T Realty v. Strickland, 830 F.2d 1107 (11th Cir. 1987)).

Here, Plaintiff alleges the discriminatory treatment was based on his status as a sex offender.[2]  Doc. 1 at 4–5.  Classification based on crime, however, is not a constitutionally protected interest.  Goodman v. Comm'r of Ga. Dep't of Corr., Civil Action No. 6:19-cv-10, 2019 WL 7766102, at *4–5 (S.D. Ga. Nov. 26, 2019) (citing Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003) (explaining prisoners are not suspect class)); see also

---

[2]     Plaintiff alleges other convicted sex offenders are permitted to participate in prison work details.  Doc. 1 at 4–5.  However, Plaintiff does not allege he was treated differently from these other convicted sex offenders for any particular reason.  More importantly, Plaintiff makes it clear in his Complaint his claim is based on the theory he "was discriminated against because of [his] charge."  Id. at 6.

4

Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (describing "suspect classifications" as classifications made on "basis of race, alienage, national origin, gender, or illegitimacy); Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (explaining that classifying "inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class"). Accordingly, I **RECOMMEND** the Court dismiss Plaintiff's equal protection claim against Defendants in their individual capacities.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal**.**

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

6

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA